UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY HILL, | ) |
| Plaintiff, | ) |
| v. | ) No. 23 C 3370 |
| | ) Judge Sara L. Ellis |
| DAYTON FREIGHT LINES, INC., | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Defendant Dayton Freight Lines, Inc. ("Dayton Freight") terminated Plaintiff Gary Hill's employment as a tractor mechanic after he failed a random drug test. Hill then filled this lawsuit against Dayton Freight. In his complaint, Hill, who suffers from lung cancer and has a medical marijuana prescription, alleges that Dayton Freight violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, by discriminating against him on the basis of his disability and denying him disability accommodations. Dayton Freight moves to dismiss Hill's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). Because Hill's medical marijuana use falls outside of the ADA's protections, the Court dismisses his complaint without prejudice.

**BACKGROUND**[1]

Hill began working for Dayton Freight in September 2013. He most recently held a position as a tractor mechanic. On September 8, 2018, Hill received a diagnosis of lung cancer. On December 17, 2018, his doctor issued him a medical marijuana card, prescribing marijuana to alleviate symptoms caused by Hill's cancer and cancer treatment. On February 26, 2021, Dayton Freight subjected Hill to a random drug test. Hill tested positive for THC. After failing the

---

[1] The Court takes the facts in the background section from Hill's complaint and presumes them to be true for the purpose of resolving Dayton Freight's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

random drug test, Hill requested that Dayton Freight exempt him from its drug free workplace policy, which prohibits marijuana use outside of work, due to his medical marijuana prescription to alleviate his cancer symptoms. Dayton Freight refused to make an exception to its drug policy and instead terminated Hill's employment.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555; *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The ADA prohibits an employer from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state an ADA discrimination claim, Hill must allege that (1) he is disabled within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and

(3) his disability caused him to suffer an adverse employment action. *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016). The ADA also prohibits an employer's refusal to make reasonable accommodations for known mental or physical limitations of an otherwise qualified individual with a disability. *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241 (7th Cir. 2018) (citing 42 U.S.C. § 12112(b)(5)(A)). To state a failure to accommodate claim under the ADA, Hill must allege that (1) he is a qualified individual with a disability; (2) Dayton Freight was aware of his disability; and (3) Dayton Freight failed to reasonably accommodate his disability. *Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013). Dayton Freight argues that Hill cannot pursue either claim because he is not a qualified individual with a disability under the ADA.

The ADA defines a qualified individual as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). However, the ADA further provides that "a qualified individual with a disability shall not include any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." 42 U.S.C. § 12114(a). Under the ADA, "illegal use of drugs" means:

> the use of drugs, the possession or distribution of which is unlawful under the Controlled Substances Act [21 U.S.C. § 812]. Such term does not include the use of a drug taken under supervision by a licensed health care professional, or other uses authorized by the Controlled Substances Act or other provisions of Federal law.

42 U.S.C. § 12111(6)(A). The Controlled Substances Act provides that Schedule I drugs, like marijuana, have "no currently accepted medical use in treatment in the United States" and lack "accepted safety for use of the drug or other substance under medical supervision." 21 U.S.C. § 812(b)(1)(B).

3

Dayton Freight argues that Hill's use of marijuana, even if under the supervision of a doctor, precludes him from pursuing an ADA claim, given that Dayton Freight's reason for Hill's termination and the denial of his requested accommodation relates to his use of an illegal drug. Hill, however, argues that § 12111(6)(A) provides an exception for the "illegal use of drugs" if the individual takes the drug under the supervision of a licensed health care professional. But the Court agrees with Dayton Freight that this language does not cover Hill's medical marijuana use, given marijuana's classification as a Schedule I drug.

The parties' dispute centers on the interpretation of the second sentence of § 12111(6)(A): "Such term does not include the use of a drug taken under supervision by a licensed health care professional, or other uses authorized by the Controlled Substances Act or other provisions of Federal law." 42 U.S.C. § 12111(6)(A). Several courts have considered this sentence or its equivalent and have all rejected Hill's interpretation. In *James v. City of Costa Mesa*, 700 F.3d 394 (9th Cir. 2012), in which the court considered the identical language found in Title II of the ADA, 42 U.S.C. § 12210(d)(1), the plaintiff, like Hill, argued that the "language creates *two* exceptions to the illegal drug exclusion: (1) an exception for professionally supervised drug use carried out under *any* legal authority; and (2) an independent exception for drug use authorized by the [Controlled Substances Act] or other provisions of federal law." *Id*. at 398. But the Ninth Circuit rejected this interpretation, finding that a review of the text of the ADA and Controlled Substances Act and their legislative histories showed that "federally prohibited marijuana use does not fall within § 12210(d)(1)'s supervised use exception." *Id*. at 398–404. In doing so, the Ninth Circuit stated that "[t]o conclude that use of marijuana for medical purposes is *not* an illegal use of drugs under the ADA would undermine the [Controlled Substances Act's] clear statement that marijuana is an unlawful controlled substance that has 'no

4

currently accepted medical use in treatment in the United States.'" *Id.* at 402. It further reasoned that "Congress could not have intended to create . . . a capacious loophole" that "would allow a doctor to recommend the use of *any* controlled substance—including cocaine or heroin—and thereby enable the drug user to avoid the ADA's illegal drug exclusion." *Id.* at 403. Other courts have agreed with *James* that § 12111(6)(A)'s second sentence does not create an exception for any use of a controlled substance as long as the use occurs under the supervision of a doctor. *See, e.g.*, *Snow v. Autozoners, LLC*, No. 2:22-cv-00513, 2023 WL 5724941, at *4 (D. Utah Sept. 5, 2023) ("Because medical marijuana remains illegal under federal law, an ADA discrimination claim is not available for individuals who claim that they suffered discrimination based on their use of medical marijuana."); *Drift v. Diamond Materials, LLC*, No. 22-7503, 2023 WL 5321061, at *3 (D.N.J. Aug. 18, 2023) ("[T]he use of marijuana precludes an individual from being 'qualified' under the ADA if the employer acts based on this use."); *Simmons v. Ill. Dep't of Human Rights*, No. 20-cv-3243, 2021 WL 4497140, at *7 (C.D. Ill. Sept. 30, 2021) (interpreting § 12210 and concluding that "an individual with a disability does not include an individual who is currently engaging in the illegal use of drugs when the covered entity acts on the basis of such use"); *Eccleston v. City of Waterbury*, No. 3:19-cv-1614, 2021 WL 1090754, at *6 (D. Conn. Mar. 22, 2021) ("[E]ven physician-supervised medical marijuana use does not fit within the supervised-use exception identified in the ADA. To read the statute otherwise would place it in direct tension with the clear provisions of the [Controlled Substance Act]—a statute the ADA relies upon to define the term 'illegal drug use.'").

The Court agrees with this analysis. Although some states, including Illinois, have decriminalized the use of marijuana and medical marijuana use has gained greater acceptance, marijuana remains classified federally as a Schedule I drug "with no currently accepted medical

use in treatment in the United States." 21 U.S.C. § 812(b)(1)(B). Therefore, Hill cannot claim the ADA's protections for his use of medical marijuana and Dayton Freight's actions stemming therefrom, meaning he has not sufficiently stated his ADA discrimination or reasonable accommodation claims.[2] *See Eccleston*, 2021 WL 1090754, at *11 ("[M]edical marijuana is illegal under federal law and federal law therefore does not provide protection against employer discrimination for the use of medical marijuana, even where that use is expressly linked to an underlying disability.").

## CONCLUSION

For the foregoing reasons, the Court grants Dayton Freight's motion to dismiss [8]. The Court dismisses Hill's complaint without prejudice.

Dated: November 21, 2023

SARA L. ELLIS
United States District Judge

---

[2] Dayton Freight also argued that Hill cannot state a claim under state law. The Court does not understand Hill to pursue any state law claims, and so the Court does not address Dayton Freight's arguments on this point further.